**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREG VANDERWAGEN;
DEBORAH (VANDERWAGEN)
LUCAS, formerly known as Deborah
Slaughter,

        Plaintiffs-Appellants,

v.

J.C. PENNEY LIFE INSURANCE
COMPANY, a foreign Insurance
Company,

        Defendant-Appellee.

No. 98-2279
(D.C. No. CIV-98-20-LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

   *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Greg Vanderwagen and Deborah (Vanderwagen) Lucas appeal from the district court's grant of summary judgment in favor of defendant J.C. Penney Life Insurance Company on their claim for insurance coverage relating to the death of their father. [1] Reviewing the district court's decision de novo, *see Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999), we affirm.

Plaintiffs are the beneficiaries on two life insurance policies issued by defendant covering their father, who was killed while operating a bulldozer on private land. Plaintiffs sought coverage for his death under the provision of the policies covering death in "land motor vehicle" accidents. Defendant denied coverage under this provision, on the basis that a bulldozer was not a "land motor vehicle," and paid them the benefits due under the policies for death resulting from accidents not involving land motor vehicles or common carriers. The difference in benefits between the two provisions of the policies is $120,000. Plaintiffs brought this action to recover that difference.

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

The dispute centers on whether a bulldozer falls within the policies' description of what a "land motor vehicle" is. As the case has been presented, there are two critical aspects to this description. Both policies state that a land motor vehicle "includes any gasoline, diesel, or similarly powered vehicle *customarily used for transportation on land*." Appellants' App. at 64, 80 (emphasis added). The descriptions further provide for a licensing requirement, with the above phrase followed in one policy by "and for which the operator is normally licensed," *id.* at 64, and in the other by "and for which the operator is required by law to be licensed," *id.* at 80. The policies further provide that they are to be interpreted in accordance with Illinois law. Under Illinois law,

> [t]he construction of an insurance policy's provisions is a question of law. . . . If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning. However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy.

*Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992) (citations omitted).

In determining that a bulldozer did not fall within the policies' description of a "land motor vehicle," the district court first held that the phrase "customarily used for transportation" is not ambiguous and that a bulldozer is not customarily used for transportation. The court further held that, even assuming that phrase were ambiguous, plaintiffs had stipulated that no special license was required to

operate a bulldozer. Therefore, the bulldozer did not satisfy the one policy's requirement that the operator be licensed. Turning to the other policy, the court rejected plaintiffs' argument that because bulldozer operators "normally" have regular driver's licenses, the bulldozer fell within the licensing requirement. It found that this interpretation was not "equally plausible" to defendant's interpretation, which was that "normally licensed" meant licensed to engage in that specific activity, i.e., bulldozer operating. It therefore concluded that defendant's interpretation controlled.

On appeal, plaintiffs contend that a bulldozer clearly falls within the policies' description of a land motor vehicle, and alternatively, that the description is ambiguous and should be construed in their favor to provide coverage. They further contend that the court applied the wrong standard for determining whether an insurance policy term is ambiguous, arguing that the correct standard is whether the term is "susceptible of differing reasonable interpretations." Appellants' Br. at 24 (citing *Outboard Marine*, 607 N.E.2d at 1212).

We have fully considered plaintiffs' arguments and reviewed the record, and we find their arguments unpersuasive. Even assuming the district court applied the wrong standard for determining ambiguity, we see no reversible error because the description of land motor vehicles is not reasonably susceptible to an

interpretation that would provide coverage. Therefore, for substantially the same reasons as stated by the district court in its September 15, 1998 memorandum opinion and order, we affirm its grant of summary judgment in favor of defendant.

AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge